# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND BROWN,<br><br>　　　　　　　　　　Petitioner,<br>vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　　Respondent. | Civil No. 10cv2302 LAB (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

Desmond Brown ("Petitioner") is a California prisoner serving a term of 25 years to life with the possibility of parole, plus 12 years for attempted murder, attempted robbery, and related offenses. He filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. Petitioner argues: (1) newly discovered evidence shows that he was not the shooter; (2) trial counsel was ineffective for failing to discover and present exculpatory evidence and for allowing damaging evidence related to Petitioner's credibility to be presented; (3) the newly discovered evidence requires that he receive a new trial or an evidentiary hearing because it establishes his innocence. (Petition at 2-3.)

Respondent filed a Motion to Dismiss the Petition as time-barred under 28 U.S.C. § 2244(d). (Resp.'s Mem. of P. & A. at 4.) Petitioner filed an Opposition. ("Opp'n.") After thorough review, the Court **RECOMMENDS** that Respondent's Motion be **GRANTED** and that the Petition be dismissed **with prejudice**.

///

# PROCEDURAL HISTORY

**The Conviction.**

The San Diego County District Attorney filed an information charging Petitioner with premeditated and deliberate attempted murder in count 1, attempted robbery in count 2, assault with a deadly weapon in count 3, felon in possession of a firearm in count 4, felon in possession of ammunition in count 5, and possession of marijuana in count 6. (Lodgment 1 at 2.) The information also alleged that Petitioner used and discharged a firearm, causing great bodily injury or death during the commission of the crimes charged in counts 1 and 2, and Petitioner personally used a dangerous and deadly weapon (glass bottle) during the commission of the crime charged in count 3. (Lodgment 1 at 2-3.)

On September 22, 2005, a jury found Petitioner guilty of all 6 counts and found all allegations true, with the exception of the premeditation and deliberation allegations as to count 1. (Lodgment 1 at 3.) On December 13, 2005, the court sentenced Petitioner to 25 years to life plus 12 years. (Lodgment 1 at 3-4.)

**The Direct Appeal.**

On June 20, 2006, Petitioner appealed the judgment, raising 4 claims: (1) the trial court committed error by imposing prison time on each of the convictions for attempted murder, attempted robbery, and assault in counts one through three; (2) the fact findings underlying the imposition of prison time should have been made by the jury, not the judge; (3) the trial court unlawfully imposed two separate firearm enhancements for the single act of firing a gun at the victim; and (4) the trial court improperly denied a motion to dismiss because there was insufficient evidence to prove Petitioner possessed ammunition "capable of being fired from a firearm with a deadly consequence." (Lodgment 1 at 1-2.) On March 21, 2007, in an unpublished, reasoned opinion, the California Court of Appeal affirmed the judgment in all respects. (Lodgment 6.) Petitioner then filed a Petition for Review with the California Supreme Court, raising claims 2 and 3 above. (Lodgment 7 at 2.) On September 12, 2007, the California Supreme Court dismissed the Petition. (Lodgment 8.)

///

**Petitions for Collateral Review.**

    **1.    State Habeas Corpus Petition in Superior Court.**

On September 5, 2008, Petitioner filed his first habeas corpus petition in the State Superior Court.[1] (Lodgment 9.) Petitioner presented two of the same claims presented in the current the Petition. Specifically, Petitioner claimed: (1) newly discovered evidence exonerates him; and (2) ineffective assistance of counsel for failing to investigate witnesses and failing to keep out prejudicial evidence at trial. (Lodgment 9 at 1.) On October 29, 2008, the court denied the petition. The court reasoned that the evidence Petitioner claimed exonerates him does not undermine the entire structure of the case upon which the prosecution was based. It further found that Petitioner's counsel was not ineffective because (a) witnesses that Petitioner alleged his counsel failed to investigate only would have provided cumulative testimony; and (b) the evidence that Petitioner alleged should have been kept out appeared to be a tactical decision consistent with a strategy to paint the Petitioner as reformed. (Lodgment 10 at 3-5.)

    **2.    State Habeas Corpus Petition in California Court of Appeal.**

On November 17, 2008, Petitioner filed a habeas corpus petition in the Court of Appeal, case number D054101, repeating the claims made in his habeas corpus petition in Superior Court. (Lodgment 11 at 2-3.) On December 26, 2008, the court summarily denied the petition and noted that Petitioner referenced exhibits in his Petition, however no exhibits were provided. (Lodgment 12).

On January 8, 2009, Petitioner's previous direct appeal counsel filed a letter with the California Court of Appeal referencing the court's December 26, 2008, denial. Counsel informed the court that Petitioner sent him a copy of the petition in mid-November, which included copies of all three exhibits. Counsel attached the exhibits to the letter. (Lodgment 13.)

On January 20, 2009, Petitioner re-filed the same habeas petition, in conjunction with a motion for rehearing, marking it "refiled." The court assigned new case number D054459 to the

---

[1] Under the mailbox rule, federal and state habeas petitions are deemed filed at the time they are delivered to prison authorities for forwarding to the court. *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). Absent other proof, this Court adopts the date Petitioner signed the declaration of mailing for the purpose of determining when a petition was filed in calculating the tolling period. *See Bui v. Hedgpeth*, 516 F.Supp.2d 1170, 1172 (C.D. Cal. 2007), *citing Washington v. United States*, 243 F.3d 1217, 1218 (10th Cir. 2000).

petition. (Lodgment 14.) On May 20, 2009, the court denied the "motion for rehearing" for lack of jurisdiction in case number D054101. (Lodgment 15.) On May 21, 2009, the court adopted the reasoning of the Superior court's October 29, 2008, order, and denied habeas relief in case number D054459. (Lodgment 16.)

### 3.  State Habeas Corpus Petition in California Supreme Court.

On August 31, 2009, Petitioner filed a habeas corpus petition in the California Supreme Court. Petitioner raised the same two claims as in the previous petition, as well as a third, in which he claimed the trial court's failure to grant a new trial based upon newly discovered evidence violated his Due Process rights. (Lodgment 17 at 1.) On February 24, 2010, the court denied the petition without comment. (Lodgment 18.)

### 4.  Federal Habeas Corpus Petition in Federal District Court.

On November 1, 2010, Petitioner filed the Petition now before this Court. The Petition raises the same three claims pursued on habeas in the state courts: (1) newly discovered evidence exonerates him; (2) his counsel was ineffective for failing to investigate and for allowing damaging evidence to be presented at trial; and (3) the denial of a new trial, based upon newly discovered evidence, violates his Due Process rights. (Petition at 2-3.) On February 28, 2011, Respondent filed a Motion to Dismiss, arguing that the Petition is barred by the statute of limitations pursuant to 28 U.S.C.§ 2244(d), and therefore, should be dismissed with prejudice. (Memo. of P.& A. at 4.) Petitioner filed an opposition to the motion, in which he argues that the factual predicate for his current claims was not known by the time his conviction was final, and therefore he is entitled to a later start date of the statute of limitations. Further, Petitioner argues that his Petition is timely because he is entitled to statutory and equitable tolling. Finally, Petitioner argues in the alternative that his Petition should not be barred, regardless of the statute of limitations, because he is actually innocent. (Opp'n at 1.)

### DISCUSSION

### I.  Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). AEDPA imposes a one-year period

of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). The relevant section reads:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.     Discovery of Factual Predicate for Claim.

Petitioner first argues he is entitled to a later start of the limitations period because he did not discover the factual predicate of his current claims until August 2008. He contends that through a "post conviction investigation," conducted with the help of his family, he discovered evidence showing the identification and location of the actual assailant in the instant case. (Petition at 12.) The evidence consists of two declarations; one from a friend who was present on the night of the shootings and one from a family friend who allegedly encountered the actual assailant. Respondent argues that the factual predicates underlying the claims in the Petition concern pretrial or trial issues that Petitioner would have or could have been aware of at that time.

After the state court judgment became final, the following string of events led Petitioner to finding the alleged "new" evidence: (1) Petitioner began an investigation after his conviction; (2) he found Marco Velasquez; (3) Velasquez told Petitioner that the name of the alleged true shooter is Julio Dulay and said that Dulay told him, on the night of the shooting, that he was looking for

1  someone to rob (Petition at Ex. A); (4) On August 14, 2008, Obrion Thomas provided Petitioner
2  with a declaration saying that on October 20, 2005, he ran into Dulay, and Dulay confessed to him
3  (Petition at Ex. C). (Petition at 11.).

4  These facts could have been discovered before trial, or at least before he was sentenced.
5  For instance, Velasquez was present the night of the shooting and he revealed the alleged true
6  shooter's name. But Petitioner failed to call Velasquez as a witness or even obtain his declaration
7  at an earlier time. Additionally, Petitioner could have learned about the alleged October 20, 2005
8  confession of Dulay–relayed over two years before his conviction became final on December 11,
9  2007–through some investigation. At most, Petitioner's proffered declarations offer "additional"
10 evidence as opposed to "new" evidence.

11 Because it appears to the court that through the exercise of due diligence, Petitioner could
12 have discovered these facts before his conviction, Petitioner is not entitled to a later start date
13 under § 2244(d)(1)(D). These facts constitute additional evidence as opposed to new evidence that
14 could trigger the later start date of the statute of limitations. *See Stringer v. Marshall*, 2011 WL
15 666897, *4 (E.D.Cal. Feb 11, 2011) ("[p]etitioner knew the important facts undergirding his
16 general claim that Randy Russell, not petitioner, committed the murder at the time of trial"); *Hunt
17 v. Hill*, 2011 WL 1543045, *4 (C.D.Cal. Mar 10, 2011) ("[w]hile the arson reports may provide
18 additional evidence in support of Petitioner's claims, it does not change the contour of those claims
19 and is thus not a new factual predicate justifying a later start date under § 2244(d)(1)(D)").

20 Additionally, Petitioner's claim of ineffective counsel for failing to investigate and call
21 witnesses does not allow the limitations period to start at a later time under § 2244(d)(1)(D).
22 Petitioner was well aware, at the time of trial, of any witness his counsel planned to call or not call.
23 Further, Petitioner stated in his opposition that despite his demand, his various appointed counsel
24 never provided him with information about any type of investigation actually being pursued.
25 (Opp'n at 6.) Therefore according to Petitioner's own statements, he was aware, before trial, of
26 any alleged lack of investigation. Thus, Petitioner's claim of ineffective counsel cannot trigger a
27 later start date of the statute of limitations.
28 / / /

### B. Date Conviction Became Final.

The statute of limitations started the date the judgment became final. Here, Petitioner's conviction became final on December 11, 2007, the last day he could have filed a petition for a writ of certiorari in the United States Supreme Court following the September 12, 2007 denial by the state supreme court of his petition for review. *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002). Petitioner had one year from the effective date--until December 10, 2008, absent tolling-- within which to file a petition in federal court. Petitioner did not file a federal habeas petition under 28 § 2254 until November 1, 2010. Unless Petitioner can show he is entitled to 1,056 days of tolling, his federal habeas petition is late under § 2244(d)(a)(A).

## II. Tolling.

### A. Statutory Tolling.

A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). The "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the petitions are properly filed and pending that entire time. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The time between the denial of one petition and the filing of the next is included in the tolling only if the next petition is timely filed in a higher court. *Delhomme v. Ramirez*, 340 F.3d 817, 818-19 (9th Cir. 2003). The petitioner is not entitled to tolling during the gap between filings in the same court. *Id.*, 821 n.3. Additionally, statutory tolling is not available for the period a petition is under consideration if it is untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005). In the absence of a clear indication that the petition was timely, the federal court must examine the case and determine whether the petition was filed within what California courts would consider a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 198 (2006), *citing Carey v. Saffold*, 536 U.S. 214 (2002). A period of 30 to 60 days is reasonable, while a 6-month unexplained delay will likely be deemed "unreasonable." *Id.* at 201.

In this case, Petitioner is entitled to some statutory tolling, though not enough to cover the period of time necessary to find the federal petition timely filed. Here, the statutory limitation

1  period started on December 11, 2007.  Petitioner filed his first State Superior Court habeas corpus
2  petition on September 5, 2008, 269 days later.  Once filed, 96 days remained in the limitations
3  period.  The Superior Court denied the petition on October 29, 2008.

4  Petitioner then filed a habeas corpus petition in the California Court of Appeal on
5  November 17, 2008. Tolling would have been proper during the period between the Superior
6  Court's denial and the filing in the Court of Appeal because a period of about one month between
7  filings is reasonable.

8  The California Court of Appeal denied relief on May 21, 2009.  Petitioner filed his
9  subsequent habeas petition in the California Supreme Court on August 31, 2009, 102 days later.
10  The California Supreme Court denied the petition. (Lodgment 18.)

11  Lacking an indication regarding timeliness, this Court must examine the delay "and
12  determine what the state courts would have held in respect to timeliness." *Evans*, 546 U.S. at 198.
13  Further, as instructed by the court in *Evans,* this Court must "keep in mind that, in *Saffold*, [the
14  Supreme Court] held that timely filings in California (as elsewhere) fell within the federal tolling
15  provision on the *assumption* that California law in this respect did not differ significantly from the
16  laws of other States," which provide a time period of 30 to 60 days between filings. *Id*. at 199-200,
17  201 (emphasis in original).

18  Here, Petitioner's delay to file in the California Supreme Court was more than 100 days.
19  This gap is longer than the 30 to 60 days, that most other states allow, and "far longer than the 10-
20  day period California gives a losing party to file a notice of appeal in the California Supreme
21  Court." *Id*. at 201; *see also Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (no statutory
22  tolling for 115 and 101 day gaps between habeas filings); *Culver v. Dir. of Corr.*, 450 F.Supp.2d
23  1135, 1140-41 (C.D. Cal. 2006) (no statutory tolling for 71 and 97 day gaps).  Further, Petitioner's
24  habeas petition, filed in the California Supreme Court, offered no justification for the delay as
25  required under California law.  *In re Swain*, 34 Cal. 2d 300, 304 (1949).  Specifically, Petitioner
26  wrote nothing in the state petition form where he  was required to explain any delay in raising his
27  claims within the meaning of *Swain*. (Lodgment 17 at 6 of petition form.)  As a result, statutory
28

1 tolling is unavailable anytime after May 21, 2009.[2] At that time, Petitioner had 96 days remaining
2 in the limitations period. Therefore, he had until August 25, 2009, to file his federal petition.
3 However, the instant Petition was not filed until November 1, 2010, more than a year after the
4 limitations period expired. Thus, statutory tolling alone will not allow the Court to deem the
5 instant Petition as timely filed.[3]

6     **B.    Equitable Tolling.**

7     The one-year limitations period under AEDPA is subject to equitable tolling. *Holland v.*
8 *Florida*, 130 S.Ct 2549, 2554 (2010). Petitioner bears the burden to prove that equitable tolling is
9 appropriate, and must establish (1) that he has been pursuing his rights diligently; and (2) that
10 some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418
11 (2005); *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The
12 determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent."
13 *Espinoza-Matthews*, 432 F.3d at 102, *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.
14 2000). Further, equitable tolling "is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104,
15 1107 (9th Cir. 1999).

16     Here, Petitioner asserts that he is entitled to equitable tolling from February 24, 2010, the
17 date his final state petition was denied, until November 1, 2010, the date he filed his federal
18 petition; a total of 250 days. (Opp'n at 17.) Petitioner argues that equitable tolling is appropriate
19 because his "...post conviction investigation... and [his effort to] file an adequately meaningful
20 federal petition, [demonstrate] both that he has been pursuing his rights diligently and that state-
21 created impediments and other circumstances outside of himself delayed him in filing the
22 petition." (Opp'n at 17.) Specifically, the extraordinary circumstances, which Petitioner claims
23 stood in his way, include: (1) limited library access; (2) mail communication with "jailhouse

---

25     [2]Even if Petitioner's 102 day delay was considered reasonable, allowing tolling to occur until February, 24, 2010, when the California Supreme Court denied his petition, his statute of limitations
26 would have, nonetheless, expired on May 31, 2010, making his federal petition late by 5 months.

27     [3]Put another way, the total number of days elapsed between the conviction becoming final on December 11, 2007, and the filing of the federal habeas petition on November 1, 2010, is 1,056 days.
28 In order to be timely, Petitioner would have had to show 691 days of statutory tolling. Counting all tolling potentially available (including after the statute had run), Plaintiff has only 258 days of tolling, which is 433 days short of the 691 days he would have needed.

1 lawyer"; and (3) "routine incidents of prison life," such as sudden lockdowns and medical
2 appointments. (Opp'n at 4.)  Even if the Court assumes the above factors qualify as "extraordinary
3 circumstances" making it impossible for Petitioner to file his federal petition on time, "[P]etitioner
4 must also demonstrate that he exercised reasonable diligence in attempting to file his habeas
5 petition after the extraordinary circumstances began, 'otherwise the link of causation between the
6 extraordinary circumstance and the failure to file [is] broken.'" *Vasquez v. Martel*, 2011 WL
7 285045, *3 (E.D.Cal. Jan. 25, 2011), *citing Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003).
8 　　　Here, Petitioner points to his "post conviction investigation" to establish diligence.
9 However, this post conviction investigation was finished in August 2008, when Petitioner received
10 the declarations. Because Petitioner asserts that he is entitled to equitable tolling from February
11 24, 2010 through November 1, 2010, the post conviction investigation does nothing to demonstrate
12 that Petitioner exercised reasonable diligence in 2010.  Petitioner also states that "the lengths to
13 which he went in order to construct and file an adequately meaningful federal petition"
14 demonstrate diligence. (Oppostition at 17.)  However, he fails to articulate exactly what those
15 "lengths" were.  Because Petitioner fails to fulfill the diligence prong required by *Pace*, he is not
16 entitled to equitable tolling.

17 　　　**C.　　Actual Innocence Claim.**
18 　　　Petitioner asks this Court to find his Petition to be an exception to the statute of limitations
19 because it would be "a miscarriage of justice to dismiss his petition on a non-jurisdictional
20 ground."  (Opp'n at 23.)  Petitioner contends that his federal petition raises a claim of actual
21 innocence and a claim that the ineffectiveness of his counsel--for failing to investigate and call
22 witnesses--violated his fundamental Due Process rights. (Opp'n at 20-1.)  To have his otherwise
23 barred claims be heard on the merits, Petitioner must show that his claim of actual innocence
24 meets the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 307 (1995).
25 　　　In *Schlup*, the petitioner claimed he was actually innocent of the murder for which he was
26 convicted, and that his conviction was obtained as a result of the of the withholding of evidence by
27 the prosecution in violation of *Brady*, and in violation of his right to the effective assistance of
28 counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The Court noted that because the

1  petitioner had failed to establish cause and prejudice sufficient to overcome a procedural default,
2  he would be able to "obtain review of his constitutional claims only if he falls within the 'narrow
3  class of cases... implicating a fundamental miscarriage of justice.'" *Id*. at 314-15, quoting
4  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).  The *Schlup* Court noted that because the claim for
5  relief at issue "depends critically on the validity of his *Strickland* and *Brady* claims, Schlup's
6  claim of innocence is thus not itself a constitutional claim, but instead a gateway through which a
7  habeas petitioner must pass to have his otherwise barred constitutional claim considered on the
8  merits." *Schlup*, 513 U.S. at 315, quoting *Herra v. Collins*, 506 U.S. 390, 404 (1993) (recognizing
9  that the "body of our habeas jurisprudence makes clear that a claim of 'actual innocence' is not
10 itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to
11 have his otherwise barred constitutional claim considered on the merits."); *see House v. Bell*, 547
12 U.S. 518, 539 (2006) (noting that the case at hand involved a "federal habeas petition seeking
13 consideration of defaulted claims based on a showing of actual innocence.")

14         To show a "fundamental miscarriage of justice," the petitioner must show that a
15 constitutional violation probably caused the conviction of one who is actually innocent.  *Schlup*,
16 513 U.S. at 324.  Specifically, "a petitioner must show that, in light of all the evidence, including
17 evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have
18 found petitioner guilty beyond a reasonable doubt.'" *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir.
19 2003), quoting *Schlup*, 513 U.S. at 327.  In applying this standard, "[a] petitioner need not show
20 that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show
21 that "'a court cannot have confidence in the outcome of the trial.'" *Majoy*, 296 F.3d at 776,
22 quoting *Carriger v. Stewart*, 132 F.3d 463, 478 (9thCir. 1997) (en banc), quoting *Schlup*, 513 U.S.
23 at 316.

24         "To be credible, such a claim requires petitioner to support his allegations of constitutional
25 error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy
26 eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513
27 U.S. at 324.  The Supreme Court has noted that "[b]ecause such evidence is obviously unavailable
28 in the vast majority of cases, claims of actual innocence are rarely successful." *Id*.

1    Here, Petitioner's exculpatory evidence consists of two declarations, which Petitioner
2 maintains, reveal the identity of the actual shooter. The first declaration, produced by Marco
3 Velasquez, states that (1) on the night of the shooting he saw Petitioner leave in the direction of
4 the store and another man, known as Blue at the time, began walking behind him; (2) earlier that
5 evening Blue told Velasquez that he was looking for someone to rob; and (3) Velasquez later
6 learned that Blue's real name is Julio Dulay. The second declaration, produced by Obrion
7 Thomas, states that on October 20, 2005, Julio Dulay confessed that he was the true shooter. If
8 these declarations are determined to be "new reliable evidence," as required by *Schlup*, the
9 gateway may open and allow Petitioner's otherwise barred claims to be heard on the merits.

10   This Court has found that the evidence presented is "additional" evidence as opposed to
11 "new" evidence. It is also provided by two friends and cannot compare to the reliability of
12 scientific evidence, a trustworthy eyewitness account or critical physical evidence, as
13 contemplated in *Schlup*. The Court is not convinced that the consideration of this evidence would
14 undermine its confidence in the outcome of the trial. The *Schlup* gateway is unavailable in the
15 vast majority of cases, as claims of actual innocence are rarely successful. The Court finds that to
16 be the case here. Therefore, the Court recommends denying the actual innocence claim to the
17 extent it can be used as a gateway to bypass the procedural bar imposed by the statute of
18 limitations.

19                                    **CONCLUSION**

20   For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue
21 an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's
22 Motion to Dismiss; and, (3) dismissing the Petition with prejudice.

23   **IT IS ORDERED** that no later than **August 19, 2011**, any party to this action may file
24 written objections with the Court and serve a copy on all parties. The document should be
25 captioned "Objections to Report and Recommendation."

26   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
27 and served on all parties no later than **August 26, 2011**. The parties are advised that failure to file
28 objections with the specified time may waive the right to raise those objections on appeal of the

Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: July 28, 2011

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court