# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND BROWN,<br><br>          Plaintiff,<br> vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>          Defendant. | CASE NO. 10CV2302-LAB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>**AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

  Petitioner Desmond Brown, a prisoner in state custody, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction in California state court. The petition argues someone else committed the crimes Brown was convicted of, and that new evidence establishes his innocence.

  This matter was referred to Magistrate Judge Nita Stormes for report and recommendation. On July 28, 2011, Judge Stormes issued her report and recommendation (the "R&R"), recommending that Respondent's motion to dismiss the petition be granted, and that the petition be dismissed with prejudice. Objections were originally due August 19, 2011, but Brown sought an extension of time in which to object, citing limited access to the prison library. The Court granted his request, directing him to file his objections no later than September 17, 2011.

On August 15, the Court accepted by discrepancy order a letter from Brown asking for help finding certain legal opinions not readily available to him. The Court directed that copies of those opinions be sent to him.

Brown did not file any objections, but he did file a second motion for extension of time. The court denied this on September 15, two days before objections were due. That order explained that additional pieces of evidence Brown was waiting for was either not relevant or could not be considered when ruling on the petition. Since that time, Brown has filed no objections.

**I.      Legal Standards for R&R**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id*. When no objections are filed, the Court need not review the report and recommendation de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). *See also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

**II.     Discussion**

Although the Court is not required to conduct a de novo review of the unobjected-to R&R, the Court believes some discussion on the R&R is in order, since Brown expressed an interest in filing objections but hasn't done so. The analysis below supplements the reasoning in the R&R.

**A.      Timeliness of Petition**

The R&R made findings concerning the dates of certain events, such as the date Brown's conviction became final, and the dates he filed his petitions in state court. The R&R

concluded that, even with statutory tolling, Brown filed his petition in this Court over a year after AEDPA's 1-year limitations period had expired. The R&R's calculations of the 1-year limitations period under AEDPA appear to be correct.

The R&R correctly concluded Brown was not entitled to "gap tolling" for the 102 days between rounds of state habeas review. *See Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (discussing gap tolling, and concluding that a 91-day gap was unreasonable). And even if Brown were entitled to gap tolling, his petition would still be late by five months.

The R&R also correctly concluded Brown was not entitled to equitable tolling because even if extraordinary circumstances existed, he was not diligent. The Court further notes that his proffered "extraordinary circumstances" are either ordinary events of prison life, or matters within Brown's control, such as his decision to rewrite his petition to add a new claim, based on advice from a jailhouse lawyer. *See Ramirez v. Yates,* 571 F.3d 993, 998 (9th Cir. 2009) (ordinary prison limitations on access to law library and copier did not amount to extraordinary circumstances)*; Chaffer v. Prosper,* 592 F.3d 1046, 1049 (9th Cir.2010) *(*holding that certain delays consistent with "the vicissitudes of prison life" were not extraordinary circumstances). Because "[t]he threshold for equitable tolling under AEDPA is very high" (*Mendoza v. Carey*, 449 F.3d 1065, 1075 (9th Cir. 2006) (internal quotation marks omitted), the proffered reasons for Brown's delay do not support equitable tolling.

### B. "Actual Innocence" Gateway

The R&R also analyzed whether the petition could be considered in spite of its untimeliness, via the "actual innocence" gateway.

First, the Court notes that the state court adjudicated Brown's claim of actual innocence on the merits. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1402 (2011) ("Section 2254(d) applies even when there has been a summary denial.") In doing so, the state court did not make an unreasonable finding based on the evidence before it. *See* § 2254(d)(2).

The R&R correctly required that new evidence supporting Brown's "actual innocence" claim be reliable. "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The R&R pointed out that the evidence consisted of two declarations by Brown's friends, which it found fell short. Besides the unreliability cited in the R&R, the two declarations that constitute Brown's "new evidence" are not very persuasive even if believed.

Brown was accused, with an accomplice, of robbing a man, hitting him in the face with a bottle, drawing a gun on him, then shooting him as he attempted to flee. (Pet. at 58 (Order of State District Court, Denying Habeas Petition).) The victim later identified Brown as both the principal robber who held the bottle and drew the gun, and the shooter. (*Id.*) Brown testified at trial that he was present at the shooting but didn't participate, and the man who robbed and shot the victim threatened him (Brown) as well, telling him not to go to the police. (*Id.*) (*See also* Mem. of P. & A. in Supp. of Mot. to Dismiss (Docket no. 12) at 3–4 (summarizing prosecution's and defense's theories of the case).)

The declaration by Marco Velasquez merely says Velasquez and another man had been hanging out in a group and drinking beer in a parking lot. Velasquez says the man said he was "looking for somebody to rob." (Pet., Ex. A, ¶ 6.) The other man accompanied Brown towards the place where the shooting and robbery were later committed, and both men left Velasquez's sight. (*Id.*, ¶ 8.) Then Velasquez heard gun shots. (*Id.*) This doesn't help Brown; even if accepted as true, it only shows a second man, who had criminal intent, was also present at the scene of the crimes. That is fully consistent with the theory of prosecution, and doesn't help establish Brown's innocence.

The second declaration was signed by Obrion Thomas and dated August 14, 2008. It briefly says that on October 20, 2005, the other man told Thomas he committed the shooting. It adds that Brown didn't own a gun, and that Thomas never saw Brown with a gun, and adds Thomas' own conclusions that Brown didn't commit the shooting.

This is of no real help to Brown. Even if accepted as true, it would only show the victim misidentified which of the two robbers shot him as he was running away. It says nothing about whether Brown was a willing participant in the robbery, whether he carried a

gun on that occasion, or whether he did any of the other things he was accused of. If Brown was a willing participant in the robbery, he would be guilty of the shooting either way, either as a principal or as an accomplice. *See People v. Villa*, 156 Cal. App. 2d 128, 134 (1957) (setting forth test for accomplice liability). The declaration also doesn't help establish he was innocent of any of the other charges.

The R&R found the evidence to be "additional" evidence as opposed to "new" evidence, and also found it to be much less reliable than that required to open the "actual innocence" gateway for otherwise time-barred claims, under *Schlup v. Delo*, 513 U.S. 298 (1995). *See also id.* at 324–28 (requiring reliable evidence, and noting that Judge Stormes, reviewing the record, concluded the petition was time-barred, that Brown had not been diligent, and that he was therefore not entitled to tolling). The Court agrees. *See Lee v. Lampert*, ___ F.3d ___, 2011 WL 3275947 (9th Cir. Aug. 2, 2011) (en banc) (where petitioner does not make a "credible showing of 'actual innocence' under *Schlup v. Delo*," district court should not entertain merits of time-barred claims).

### C. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court is required to issue or deny the certificate of appealability when it enters a final order adverse to the petitioner.

The petition is untimely under AEDPA unless tolling applies. Under binding precedent, neither statutory nor equitable tolling can apply here. Nor can Brown benefit from the "actual innocence" gateway. The only evidence Brown has proffered, two declarations from his friends giving indirect evidence, falls short of the "trustworthy eyewitness accounts" required in *Schlup*, 513 U.S. at 324, and the Court finds reasonable justices would not disagree on this point. Under *Lee v. Lampert*, 2011 WL 3275947, the petition is therefore time-barred.

The Court finds reasonable jurists would not disagree on these points. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (giving standard for issuance of certificate of appealability). No certificate of appealability is appropriate here.

### III.     Conclusion and Order

Having reviewed the R&R, the Court finds it to be correct. The R&R is **MODIFIED** to include the reasoning set forth above, and is **ADOPTED**. The petition is **DENIED**.

The Court finds the standard for issuance of a certificate of appealability is not met, and the certificate is likewise **DENIED**.

**IT IS SO ORDERED**.

DATED: September 23, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge