# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND BROWN,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　Respondent. | CASE NO. 10CV2302-LAB<br><br>**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION** |

　　　Petitioner Desmond Brown, a prisoner in state custody, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction in California state court. The petition argues someone else committed the crimes Brown was convicted of, and that new evidence establishes his innocence.

　　　This matter was referred to Magistrate Judge Nita Stormes for report and recommendation. On July 28, 2011, Judge Stormes issued her report and recommendation (the "R&R"), recommending that Respondent's motion to dismiss the petition be granted, and that the petition be dismissed with prejudice. Objections were originally due August 19, but Brown sought an extension of time in which to object, citing limited access to the prison library. The Court granted his request, directing him to file his objections no later than September 17, 2011.

1    On August 15, the Court accepted by discrepancy order a letter from Brown asking
2 for help finding certain legal opinions not readily available to him. The Court directed that
3 copies of those opinions be sent to him.

4    Brown did not file any objections, but he did file a second motion for extension of time,
5 giving two reasons for the second extension. The court denied this on September 15, two
6 days before objections were due. That order explained that additional pieces of evidence
7 Brown was waiting for were either not relevant or could not be considered when ruling on the
8 petition.

9    Even after the second extension request was denied, Brown filed no objections to the
10 R&R. On September 26, 2011, the Court issued an order adopting the R&R, denying the
11 petition, and denying a certificate of appealability ("COA"). The order pointed out the
12 petition was time-barred by at over eight months. The order also discussed Brown's "new"
13 evidence in detail, explaining why it did not meet the standard to show an "actual innocence"
14 exception to the AEDPA's limitations might apply.

15    Brown sent the Court two documents, which were rejected on October 5, and 7,
16 respectively, with the notion that the court had already ruled on the matters they raised. The
17 first of these is dated on September 26, and the text can be found in the docket, (Docket no.
18 32 at 2.)  It contains a request for reconsideration of the Court's order denying his second
19 request for an extension of time, contending that he had shown he needed more time in the
20 prison library. In truth, however, the second request mentioned restrictions on prison library
21 use only in support of Brown's claim that he needed to correct part of his evidence.
22 Specifically, he gave as his first reason for needing an extension of time:

23    1. That as a layman I did not recognize the misstatement of fact contained in one of the declarations supporting my petition, until the Magistrate cited
24    to it in denying relief; and I was hindered in my ability to research decisional law cited in the R&R before receiving those cases in late August 2011. I am
25    further hindered by that I am receiving just one 2-hour library session in each 7-day period.
26

27 (Docket no. 32, 1:15–18.) The Court's order denying the second extension pointed out both
28 that the "misstatement of fact" didn't change the outcome, and that in any event the

declaration containing the alleged misstatement had been presented to state courts when Brown was seeking habeas relief there. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1399 ("It would be contrary to [the purposes of the federal habeas corpus scheme] to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo.") Because this corrected declaration wouldn't be considered, the Court found Brown didn't need additional library time to research issues connected with it. And, although the Court did not mention this fact before, it also bears mention that Brown's status as a laymen had nothing to do with whether he recognized an inaccuracy in one of the statements in a very brief declaration he has had since 2008.

The second document was a letter to the Clerk requesting conformed copies of documents.

Brown filed his notice of appeal, dated October 25. He then filed a notice of appeal dated October 31, purporting to appeal the Court's first discrepancy order, rejecting his first letter for filing, and describing it as an interlocutory order. He then filed a request (the "COA Motion") dated November 1 for leave to file a motion seeking reconsideration of the Court's denial of the certificate of appealability.

The COA Motion re-raises the question of whether his second request for extension of time should have been granted, which he raised in his September 26 request. The Court did not have his September 26 request when it issued the order denying the petition and denying the COA, so in the interest of clarity, some discussion is in order.

Brown's request for a second extension of time did not identify any need for more library time generally, as he now contends, but only for more library time so he could research an irrelevant issue. Having been told that issue was irrelevant, he should immediately have realized he should not continue researching it, but should have immediately completed and filed his objections to the R&R. If he needed more time to research other, relevant issues, he should have said so, explaining what the issues were. Instead, he allowed the deadline for objecting to the R&R to pass without filing any

objections. The only thing he attempted to file was his request for reconsideration of the already-denied request for extension, which added nothing.  His COA Motion belatedly raises the same issue, and argues the Court's previous denial of the extension was insufficiently clear, because it failed to consider whether he might need additional library time for some other reason that he neglected to mention.  This has no merit; the Court's failure to consider requests or arguments Brown never made was not error.

The COA Motion asks the Court to re-open Brown's case and grant the petition.  The Court cannot do this, even if it were convinced it should, because the notice of appeal divests the Court of jurisdiction over the matters appealed.  *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).

The COA Motion also makes other meritless procedural arguments.  Contrary to Brown's position, he is required to obey the Court's orders concerning when his objections to the R&R are due, and the mere fact that he requests more extensions does not automatically extend the time.  The Court is not required to conduct its own de novo review of an unobjected-to R&R, *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005), and the fact that the Court conducted only a limited discussion of the merits, sufficient to confirm that the petition must be denied, was not error.  The Court was not, as Brown argues, required to scour the record for reasons a COA might be warranted.  And although Brown now contends the Court did not review or consider his Petition, this is also incorrect.  The fact that the Court quoted from and discussed the two exhibits he attached to the petition should have made this clear.

The COA Motion provides no adequate reason why the Court should reconsider its denial of a COA, and is therefore **DENIED**.  This does not prevent Brown from obtaining a COA from the Ninth Circuit.

**IT IS SO ORDERED**.

DATED: November 9, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge