# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND BROWN,<br><br>　　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　Respondent. | CASE NO. 10CV2302-LAB<br><br>**ORDER REJECTING PETITIONER'S REQUEST FOR LEAVE TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION** |

　　　On November 9, the Court signed an order denying Petitioner Desmond Brown's motion for leave to seek reconsideration. That order was entered in the docket on November 10. On November 10, the Court received in chambers a motion that the Clerk's office had apparently received on October 28, and failed to timely forward to chambers. That motion is being rejected separately by discrepancy order. Because this order affects the contents of the Court's earlier order of November 10 (Docket no. 38), however, some discussion and explanation are in order.

　　　The rejected document asks the Court to reopen his case, and seeks leave to file objections to the Court's order denying the petition. The Court lacks jurisdiction to do this, because Brown also, by a document also dated October 25 and sent in a separate mailing, filed a notice of appeal. *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (notice of

1  appeal divests the trial court of jurisdiction over the matters appealed).  Also attached to the
2  request for leave to file objections are the proposed objections.  Both documents contain
3  Brown's own version of the record and the history of the case, which the Court does not
4  adopt.

5    Brown's proposed objections in part recite arguments he raised earlier in these
6  proceedings, which the Court found inadequate to support issuance of the writ.  Even if
7  those objections had been timely filed, the outcome would have been the same. The
8  objections also attempt to show he is entitled to statutory tolling, arguing that any petition
9  filed within six months of denial of the previous petition is presumptively timely filed, and he
10 was not required to explain the delay.  Brown is able to cite no authority for this argument,
11 which is foreclosed by binding authority the Court cited to both in its order denying the writ,
12 and several other orders.  And even if the Court were to accept this untenable argument, his
13 petition would still be time-barred by five months.

14   Brown also argues he is actually innocent. In addition to the evidentiary analysis
15 the Court already provided in earlier orders, it bears mentioning that the state courts
16 determined his actual innocence claim, based on the supposedly newly-discovered
17 evidence, was not factually strong.  See Lodgment 10 (California Superior Court order
18 denying petition for writ of habeas corpus), at 3:20–23 ("Here, the evidence petitioner
19 presents at most would have raised a more difficult question for the trier of fact . . . . [T]he
20 declarations do not undermine the entire structure of the case upon which the
21 prosecution was based."); Lodgment 16 (California Court of Appeals' order adopting
22 superior court's reasoning).

23   The submitted objections are **REJECTED** for filing, and the discrepancy order
24 accompanying them provides further instructions for the Clerk's office.

25   **IT IS SO ORDERED**.
26 DATED:  November 10, 2011

27
28   *[signature: Larry A. Burns]*
  **HONORABLE LARRY ALAN BURNS**
  United States District Judge